ADAMS, Justice.
Lamar and Joyce Hodge's claim alleging a breach of an implied warranty of merchantability (§ 7-2-314, Ala.Code 1975) with regard to a mobile home purchased by them from Piggy Bank Homes and manufactured by Champion Home Builders is barred by the four-year statute of limitations. § 7-2-725, Ala.Code 1975. The mobile home was delivered in parts on September 16, 17, and 18, 1985. Within a few weeks thereafter, the Hodges discovered that the mobile home leaked; however, they did not sue until March 1990. This Court has previously written:
“Tittle next contends that even if the General Motors and Steel City warranties do not extend to the future performance of the vehicle, the cause of action does not accrue until there is a refusal or failure to repair. This contention, however, directly contradicts the plain meaning of the language in § 7-2-725, which states that a cause of action for breach of any contract for sale accrues when the breach occurs and that the breach occurs upon tender of delivery, regardless of a buyer’s knowledge of the breach, unless the warranty explicitly extends to future performance. We have earlier determined that Tittle’s warranty does not extend to the future performance of his car. The trial court, therefore, correctly determined that Tittle’s cause of action, by statute and the express terms of his warranty, accrued at the time Steel City delivered the vehicle to him.”
Tittle v. Steel City Oldsmobile GMC Truck, Inc., 544 So.2d 883 (Ala.1989). Because the warranty on the mobile home did not extend to future performance, Piggy Bank Homes and Champion Homes were entitled to a judgment as a matter of law.
1910071, REVERSED AND REMANDED.
1910103, REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.